FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2020 FEB 26  AM 10: 41

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>O'NEILL VENTURES, INC.,<br><br>Defendant. | 4:19CR03051<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney and Lesley A. Woods, Assistant United States Attorney, and defendant, O'NEILL VENTURES, INC., and Kimberly Hare, counsel for defendant, as follows:

**I**

**THE PLEA**

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i), conspiracy to harbor aliens.

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees that the defendant, and its current and former employees, officers, directors and shareholders not otherwise charged at the time of execution of this agreement, will not be federally prosecuted in the District of Nebraska for crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant, and its current and former employees, officers, directors and shareholders not otherwise charged at the time of execution of this agreement, for specific crimes does not prevent any prosecuting

1

authority from prosecuting the defendant and its current and former employees, officers, directors and shareholders, not otherwise charged at the time of execution of this agreement for any other crime, or for any crime involving physical injury or death.

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.    Two or more persons agreed to harbor, transport, and conceal illegal aliens;

2.    The defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached, or at some later time while it was still in effect;

3.    At the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

4.    While the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

Additional Elements for Corporate Liability:

1.    Each element of the crime charged against the corporation was committed by one or more of its agents, including Mayra Jimenez and other agents known to the grand jury; and

2.    In committing those acts the agent[s] intended, at least in part, to benefit the corporation; and

3.    Each act was within the scope of employment of the agent who committed it.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Mayra Jimenez was the office manager and human resources professional for O'Neill Ventures, Inc., in 2014, 2015, 2016, 2017, and up until August 8, 2018. In that capacity, she would also serve as a liaison to staffing agencies who supplied the company with contract workers. Juan Pablo Sanchez Delgado operated two staffing companies that supplied O'Neill Ventures, Inc. with alien workers; one company was called "J Green Valley, LLC," and the second was named, "JP and Sons, LLC."

2. Mayra Jimenez, an employee and agent of O'Neill Ventures, Inc. was convicted by a jury on November 18, 2019 of multiple counts including the following: conspiring to harbor illegal aliens, harboring specific illegal aliens, and participating in unlawful employment offenses with Sanchez-Delgado, Asiyadeth Jimenez Castellon (a supervisor at the plant) and others known and unknown to the grand jury.

3. O'Neill Ventures, Inc. is a tomato plant in O'Neill, Nebraska located in the District of Nebraska. Sanchez-Delgado supplied workers to O'Neill Ventures, Inc. from 2014 until August 8, 2018, and Sanchez-Delgado provided hundreds of workers to the plant during that time. His workers were either placed in the greenhouse to work with growing and picking the tomatoes, or in the packhouse to assist with getting tomatoes ready to be shipped, transported, or delivered to customers.

4. During the investigation, agents obtained email records for O'Neill Ventures, Inc., to include emails exchanged between the Jimenez and other O'Neill Ventures, Inc. corporate officers and supervisors. In some of those emails, Jimenez reports to a senior supervisor in 2015 that Sanchez-Delgado was not withholding income taxes for the employees and statements regarding verifying workers' authorizations to work.

    a. More specifically, Jimenez made statements to senior supervisors at O'Neill Ventures, Inc., to the effect that she felt compelled to check with an E-Verify representative to determine whose responsibility it was to verify the legal status of Sanchez-Delgado's workers. Jimenez sent this communication on August 7, 2015.

3

b. In another email dated August 25, 2015, Jimenez forwarded a complaint to the senior supervisor, and in those communications reported that Sanchez-Delgado is not withholding income taxes from his workers' checks. The company continued to obtain workers from Sanchez-Delgado after those dates and to reach out to him for workers.

5. The defendant, through Jimenez and other supervisors, agreed with Sanchez-Delgado to employ alien workers at O'Neill Ventures, Inc. and multiple employees and supervisors were aware or recklessly disregarded during the conspiracy that some of these alien workers were working for the company directly under false identities and were aware or recklessly disregarded that Sanchez-Delgado's employees were unauthorized for employment in the United States. From 2016-2018, approximately half of O'Neill Ventures, Inc.'s workers were supplied by Sanchez-Delgado. The defendant, through these employees and agents, harbored alien workers at its work site through its unlawful agreement with Sanchez-Delgado.

## III

## PENALTIES

A.    COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum fine of the greater of either $500,000 or twice the pecuniary gain from the offense;
2. A mandatory special assessment of $400 per count; and
3. Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

4

V

## SENTENCING ISSUES

A.    SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the Defendant shall be sentenced to a fine amount of $400,000, due at sentencing, and the parties agree to the following, in addition to the fine amount:

1. That O'Neill Ventures, Inc. will be placed on probation for one year under the following terms and conditions:

   a. O'Neill Ventures, Inc. will use only lawful hiring practices and will work with Homeland Security Investigations to provide Homeland Security Investigations with proof of lawful hiring practices at Homeland Security Investigation's request during the one-year probationary period.

   b. If O'Neill Ventures, Inc. learns that any of its employees are not authorized for employment in the United States, O'Neill Ventures, Inc. will notify Homeland Security Investigations of that information and work with Homeland Security Investigations to resolve the issue.

   c. If O'Neill Ventures, Inc. enters into any labor contracts during the term of probation, O'Neill Ventures, Inc. will require their third-party contractor to provide evidence of each workers' authorization for employment in the United States.

Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

B.    ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or

2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or

3. Fails to appear in court, or

4. Engages in additional criminal conduct, or

5

5. Attempts to withdraw the guilty plea, or

6. Refuses to abide by any lawful court order, or

7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

C.   ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may not request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. ' 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme

6

Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $400 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

D. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only

7

withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JOSEPH P. KELLY
United States Attorney

Date _2-26-20_

LESLEY A. WOODS
ASSISTANT U.S. ATTORNEY

Date _2-26-2020_

O'NEILL VENTURES, INC. - Kimberly Hare as
DEFENDANT    Appointed by Board of Directors

Date _2-26-2020_

KIMBERLY HARE
COUNSEL FOR DEFENDANT

8